J-A14033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KAREN HARRISON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| HEALTH NETWORK LABORATORIES | : | |
| LIMITED PARTNERSHIPS, AND | : | |
| LEHIGH VALLEY HEALTH NETWORK, | : | |
| INC. | : | |
| | : | |
| Appellees | : | No. 365 EDA 2018 |

Appeal from the Order December 19, 2017
in the Court of Common Pleas of Lehigh County
Civil Division at No.:  No. 2016-C-1469

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 12, 2018**

Appellant, Karen Harrison, appeals from the order sustaining preliminary objections to her amended complaint.  She claimed retaliation in violation of the Pennsylvania Whistleblower Law (PWL).[1]  The trial court agreed with Appellees, Health Network Laboratories Limited Partnerships (HNL), and Lehigh Valley Health Network (LVHN), that Appellant's whistleblower claim is pre-empted by the Pennsylvania Human Relations Act (PHRA).[2]  The court sustained Appellees' preliminary objections, and dismissed the amended

_____

[1] 43 P.S. §§ 1421–28.

[2] 43 P.S. §§ 951–63.

_____

*   Retired Senior Judge assigned to the Superior Court.

complaint, reasoning that Appellant's whistleblower claim was pre-empted by the PHRA, and she had not exhausted (or pursued) her PHRA administrative remedy. On independent review, we are constrained to conclude that the trial court erred in its reasoning that the PHRA pre-empts the PWL for Appellant's claim. Moreover, in reviewing preliminary objections we are bound to regard all well-pleaded facts as true, together with all reasonable inferences. In cases of doubt, a demurrer must be overruled. We conclude that the trial court could have properly determined that Appellant waived any claim she may have had for retaliation under the PHRA. However, under our standard of review, we also conclude that Appellant states a claim for violation of the Whistleblower Law, which could provide legal relief. Accordingly, we are constrained to affirm in part, and vacate in part, the order of the trial court sustaining Appellees' preliminary objections. We remand to the trial court for further proceedings consistent with this decision.

We derive the facts of the case from the memorandum opinion of the trial court and our independent review of the record before us. (*See* Trial Court Opinion, 2/09/18, at 1-5). As explained below, in reviewing a challenged pleading, we (as well as the trial court) must accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts.

In March of 2015, Appellant was employed by HNL as "Manager, Quality." At that time, another employee, Elizabeth Corkery, informed

Appellant that she (Corkery) was being subjected to a hostile work environment by Arun Bhaskar, her supervisor in the IT department.

The core of Ms. Corkery's complaint was that Mr. Bhaskar, apparently of Indian heritage, regarded all non-Indians as inferior workers, openly disparaged them, her in particular, and mistreated them accordingly. Corkery further asserted that Bhaskar's immediate supervisor, Harvey Guindi, HNL's Chief Information Officer, knew about Bhaskar's mistreatment of non-Indian subordinates, but did nothing about it. Appellant asserts that she passed on Ms. Corkery's complaints to the HNL officer in charge of human resources, and other key personnel, requesting the appointment of an ombudsman, but nothing happened.

Corkery resigned on October 1, 2015. Shortly after (around October 15), she sent a letter to Appellant and others memorializing her complaints against Mr. Bhaskar. Appellant avers that she passed on this letter, too, to appropriate HNL personnel. Again, nothing happened.

About a month later, on November 19, 2015, HNL terminated Appellant's employment, ostensibly for her use of foul language at an offsite corporate banquet function. Appellant contends this explanation was pretextual, and that, in actuality, she was terminated for calling attention to Ms. Corkery's claims of discrimination.

On May 12, 2016, Appellant commenced this action by filing a complaint in the Court of Common Pleas of Lehigh County. The case was removed to

J-A14033-18

the United States District Court for the Eastern District of Pennsylvania. The federal court granted Appellant leave to amend her complaint. On March 16, 2017, Appellant filed an amended complaint in federal court. On March 21, 2017, the federal court remanded the case back to the Court of Common Pleas.

In pertinent part, the amended complaint pleads one count: "Retaliation in Violation of 43 P.S. § 1423(a)."[3] (***See*** Amended Complaint, 3/16/17, at 6). The most relevant allegations of Count I are:

> 37. The conduct described herein, committed by Bhaskar and sanctioned by Guindi, constitutes illegal activity and is "wrongdoing," as defined by the Pennsylvania Whistleblower Law, 43 P.S. § 1423(a), which includes any violations of state statutes or regulations that are not *de minimis* in nature.
>
> 38. The conduct described herein, committed by Bhaskar and sanctioned by Guindi, violates the Pennsylvania Human Relations Act, 43 P.S. §[§] 951[-963,] and various other state laws.

---

[3] Section 1423(a) provides:

> **(a) Persons not to be discharged.**−No employer may **discharge**, threaten or otherwise discriminate or **retaliate** against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act.

43 P.S. § 1423 (emphases added).

- 4 -

J-A14033-18

(*Id.*, 3/16/17, at 5) (unnecessary capitalization omitted).

On June 5, 2017, Appellees filed preliminary objections to the amended complaint pursuant to Pa.R.C.P. 1028(a)(2)-(4).[4] On December 19, 2017, the trial court sustained Appellees' preliminary objections pursuant to Pa.R.C.P. 1028(a)(4), granted demurrer, and dismissed Appellant's amended complaint. (*See* Order, 12/19/17, at unnumbered page 3 n.1; (*see also* Trial Ct. Op., at 1).

The trial court explained its dismissal of the complaint as follows:

> Before filing a complaint under the PHRA, an aggrieved individual must first "file a complaint with the Pennsylvania Human Relations Commission (PHRC) and exhaust all administrative remedies before seeking redress in court." *Carlson v. Community Ambulance Services, Inc.*, 824 A.2d 1228, 1231 (Pa. Super. 2003). . . . [Appellant] attempted to circumvent the remedial systems set up by the PHRA by filing her claim under the PWL while claiming in her Amended Complaint that [Appellees'] conduct violated the PHRA.

---

[4.] In pertinent part, Rule 1028 provides:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> \* \* \*
>
> (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;
>
> (3) insufficient specificity in a pleading;
>
> (4) legal insufficiency of a pleading (demurrer)[.]

Pa.R.C.P. 1028(a)(2)-(4).

- 5 -

(Trial Ct. Op., at 3-4).

Appellant timely filed this appeal on January 16, 2018.[5]  She raises one question for our review:

> Whether a civil action brought under the Pennsylvania Whistleblower Law, 43 P.S. § 1424, is subject to the exhaustion requirements of the PHRA, 43 P.S. §§ 951-963?

(Appellant's Brief, at 5).

Preliminarily, we observe that counsel for Appellant has framed the question for review as an abstract inquiry into the exhaustion of remedies. This Court does not sit to consider hypothetical, abstract, or moot questions. In such a case, an opinion of this Court is rendered advisory in nature.  ***See In re D.A.***, 801 A.2d 614, 616 (Pa. Super. 2002)  ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.").  (citation omitted).

However, while the question posed is somewhat inartful, in context its necessary implication is that the trial court erred in sustaining Appellees' preliminary objections, and dismissing the complaint.  Therefore, in the interest of justice and judicial economy we will address the implicit question underlying Appellant's question as framed, and review the trial court's order.

In considering an appeal from an order granting preliminary objections in the nature of a demurrer, which is a question of law, an appellate court's

---

[5] Appellant filed a court ordered statement of errors on February 6, 2018.  The trial court filed an opinion on February 9, 2018.  ***See*** Pa.R.A.P. 1925.

standard of review is *de novo* and our scope of review is plenary. **See Doe v. Franklin Cty.**, 174 A.3d 593, 602 (Pa. 2017).

The trial court may sustain preliminary objections **only** when, based on the facts pleaded, it is clear and free from doubt that the complainant will be unable to prove facts legally sufficient to establish a right to relief. For evaluating the legal sufficiency of the challenged pleading, the court must accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts. **See Heldring v. Lundy Beldecos & Milby, P.C.**, 151 A.3d 634, 641 (Pa. Super. 2016). "[P]reliminary objections in the nature of a *demurrer* . . . should be sustained only if, assuming the averments of the complaint to be true, the plaintiff has failed to assert a legally cognizable cause of action." **Langella v. Cercone**, 34 A.3d 835, 838 (Pa. Super. 2011), *appeal denied*, 38 A.3d 826 (Pa. 2012) (citation omitted).

Here, on independent review, we are constrained to conclude that the learned trial court acknowledged, but failed to follow, the pertinent standard of review, and misapplied the applicable legal principles.

Specifically, without presenting support from pertinent controlling authority, the trial court accepted Appellees' claim that Appellant's whistleblower claim is pre-empted by the **previously** enacted Pennsylvania Human Relations Act. We recognize that a later enacted statute might conceivably pre-empt a previously enacted statute. But neither the trial court

nor Appellees explain why a statute enacted in 1955 could (or should) pre-empt another statute enacted over thirty years **later**.

To the contrary, under well-settled rules of statutory interpretation, each statute shall be construed to give effect to **all** of its provisions. **See** 1 Pa.C.S.A. § 1921. We also presume that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable, and that the General Assembly intends the entire statute to be effective and certain. **See** 1 Pa.C.S.A. § 1922(1), (2).

Furthermore, the trial court's conclusion that Appellant "has failed to state a claim upon which relief can be granted under the PWL[,]" (Trial Ct. Op., at 4), is simply at stark variance with the plain meaning of the PWL statute.

As already noted, the Whistleblower Law prohibits discharge, threats, discrimination or **retaliation** against an employee for a good faith report of "wrongdoing" by a public body or an instance of waste by any other employer as defined in the act. 43 P.S. § 1423(a).[6] Contrary to the conclusion of the

---

[6] This Court has decided that the statutory definition of "public body" for purposes of the Whistleblower Law includes, *inter alia*, private entities which receive funding "in any amount by or through Commonwealth[.] 43 P.S. § 1422; *see also Denton v. Silver Stream Nursing & Rehab. Ctr.*, 739 A.2d 571, 576-77 (Pa. Super. 1999) (finding recipient of Medicaid funding is "public body" for purposes of Whistleblower Law; appellant alleging discharge for good-faith reports of wrongdoing and waste stated valid cause of action; complaint erroneously dismissed).

trial court, Appellant was not required to invoke the PHRL to pursue a retaliation claim under the PWL. Appellant plainly asserts the violation of the PHRL against Ms. Corkery, as the **underlying** wrongdoing, **not** as the act perpetrated against her (Ms. Harrison).

Here, the trial court's reasoning appears to conflate a claim for violation of the PHRA, which requires the pursuit of administrative remedies, with a Whistleblower claim, which does not.

The trial court may sustain preliminary objections **only** when, based on the facts pleaded, it is clear and free from doubt that the complainant will be unable to prove facts legally sufficient to establish a right to relief. *See Heldring*, *supra* at 641; *Langella*, *supra* at 838.

On independent review, accepting as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts we conclude that Appellant asserted a legally cognizable cause of action under the Whistleblower Law.

We read Appellant's complaint as raising a whistleblower claim only. Nevertheless, we recognize that by inartful and overly generalized drafting counsel for Appellant left open the interpretation adopted by the trial court that she could have been asserting a PHRA claim **as well as** a whistleblower claim. To the extent that the trial court correctly discerned that Appellant sought to raise a PHRA claim, we agree that that remedy is foreclosed by the administrative complaint requirement. However, Appellant unequivocally

raised a valid Whistleblower complaint. (**See** Amended Complaint, ¶ 1). That claim survives.

Accordingly, we are constrained to conclude that the learned trial court erred in dismissing Appellant's complaint. Therefore, we affirm in part (as to any assertion of a PHRA claim on behalf of Appellant), and vacate in part (as to the PWL claim), the order of the trial court sustaining Appellees' preliminary objections. We remand to the trial court for further proceedings consistent with this decision.

Order affirmed in part and vacated in part. Case remanded for further proceedings consistent with this decision. Panel jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/18